UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CARLET MACKLIN, | ) | Case No.: 1:11 CV 1818 |
| Plaintiff | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | |
| RENA WILLIAMS, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants | ) | |

*Pro se* Plaintiff Carlet Macklin filed this action against Rena Williams, Tony Jones, Cherly Clovin, Samantha Colvin, Charollte Williams, Sharon Williams, Jane Eaton, and Camile Allen. In the Complaint, Plaintiff alleges she was the victim of identity theft. She asks the Court to prosecute the Defendants to the full extent of the law.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

**Background**

Plaintiff's Complaint is very short. She claims she was the victim of identity theft and had many of her personal belongings stolen. She contends tax forms, birth certificates, social security benefits, and insurance money were also taken. She alleges other people are using her name at Metro Health Medical Center. She lives in a shelter on Payne Avenue in Cleveland. She indicates

other residents change beds, spit and poison food. She contends men are let into the building at night and they commit rape. Plaintiff alleges Sharon Williams and her husband are part of the problem. She asks that criminal charges be brought against the Defendants.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## Discussion

Plaintiff has not established a basis for federal court jurisdiction. Although this Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520-21, the duty to be less stringent with *pro se* complaints does not require this Court to create a claim for Plaintiff or conjure up unpled allegations. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). To do so would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985). Even liberally construed, the Court can find no federal cause of action to support subject matter jurisdiction.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C.

§1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

    IT IS SO ORDERED.

                                              */s/Dan Aaron Polster 11/29/11*
                                              DAN AARON POLSTER
                                              UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.